PER CURIAM.
In this disciplinary action Ronald L. Baker has tendered a guilty plea for consent judgment.* We accept the plea.
Baker was hired by Wakulla County to represent its interest in an action brought against the county in the United States District Court. The United States District Court, noting a pattern of excessive delay in the filing of required pleadings, entered a default judgment of liability against the county. Prior to doing so the court commented: “Defendant’s conduct in this ease amounts to gross neglect if not willful misconduct.”
A client is entitled to conscientious representation after employing a lawyer. Ronald L. Baker failed to fulfill his responsibilities by neglecting a legal matter entrusted to him and is hereby publicly reprimanded for his dereliction of duty. He shall pay costs in the amount of $331.80 within thirty days of the filing of this order.
It is so ordered.
ADKINS, Acting C.J., and BOYD, MCDONALD, EHRLICH and SHAW, JJ., concur.

 Baker’s guilty plea reads as follows:
Respondent, Ronald L. Baker, pursuant to Rule 11.13(6)(b) of the Integration Rule of The Florida Bar, files this guilty plea for consent judgment to the complaint filed by The Florida Bar and says:
1.Respondent admits that he has violated The Florida Bar Code of Professional Responsibility Disciplinary Rules 6-101(a)(3) [sic] and 7-106(c)(7) [sic], as found by the grievance committee and alleged in the complaint filed by The Florida Bar.
2. As appropriate discipline, respondent consents to a public reprimand to be reported in the Southern Reporter.
3. Respondent agrees to reimburse The Florida Bar in the amount of_repre-senting the costs incurred by the Bar in bringing this action. Respondent further agrees to pay these costs to The Florida Bar within 30 days of the order of discipline handed down in this matter.